IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALVIN CHRISTOPHER PENN, §<br>    #48435-177, §<br>         MOVANT, §<br>         §<br>v.       §<br>         §<br>UNITED STATES OF AMERICA, §<br>         RESPONDENT. § | CIVIL CASE NO. 3:22-CV-828-L-BK<br>(CRIMINAL CASE NO. 3:17-CR-506-L-1) |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Alvin Christopher Penn's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the government's motion to dismiss should be **GRANTED** and the § 2255 motion should be **DISMISSED**.

**I. BACKGROUND**

Penn was convicted by a jury of escape from federal custody (the halfway house worksite where he was assigned) and unlawful possession of a firearm by a felon and was sentenced to 168 months imprisonment and a three-year term of supervised released. Crim. Doc. 161.[1] Penn was also ordered to pay restitution. Crim. Doc. 161. The court of appeals vacated the restitution order on direct appeal but otherwise affirmed Penn's conviction and sentence. *United States v. Penn*, 969 F.3d 450 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2526 (2021).

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Penn*, No. 3:17-CR-506-L-1 (N.D. Tex. Feb. 7, 2019).

Penn then filed this timely § 2255 motion, essentially raising two of the claims previously presented and rejected on direct appeal. Doc. 2; Doc. 5, Am. Brief. The Government moves to dismiss the § 2255 motion because the claims are barred by the law of the case. Doc. 10. Penn has filed a reply. Doc. 11.

Upon review, the Court concludes that Penn's claims are barred and thus the Government's motion to dismiss the § 2255 motion should be granted.

**II. ANALYSIS**

Penn's § 2255 motion presents two grounds for relief: (1) the Court encroached on the province of the jury, thus denying him a fair trial, when it precluded him from presenting and arguing a justification defense, and (2) the evidence was insufficient to show an effect on interstate commerce and 18 U.S.C. § 922(g) should be struck down as unconstitutional or reinterpreted. Doc. 2 at 4-5; Doc. 5 at 10-23.

On direct appeal, the United States Court of Appeals for the Fifth Circuit rejected precisely the claims that Penn now raises here. *United State v. Penn*, 969 F.3d at 455-57. It held that Penn's efforts to evade arrest and hide the firearm from police negated any possible satisfaction of the fifth element of his justification defense. *Id.* at 457 ("[N]o reasonable jury could find that Penn possessed the firearm 'only . . . during the time he [was] endangered.'") (citations omitted)). The Court also found, as Penn conceded, that its precedent foreclosed his § 922(g) constitutional challenge because the "in or affecting commerce" element is satisfied if the firearm has "a past connection to interstate commerce." *Id.* at 459-60 (citation omitted).

Because the Fifth Circuit previously rejected Penn's claims on direct appeal, he is barred from bringing them in this collateral proceeding. *See United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997) (finding claims that were raised and rejected on direct appeal are barred from

collateral review (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986))); *see also United States v. Rodriguez*, 821 F.3d 632, 633-34 (5th Cir. 2016) (finding movant could not employ a § 2255 motion to re-argue claims rejected in a prior direct appeal).

      Penn replies that his first claim—related to the trial court's refusal to instruct the jury on his justification defense—is "separate and distinct" from the one presented on appeal and the "rules of law" are "completely different." Doc. 11 at 4-5. He is wrong. And his reply argument that he should be permitted to re-argue his claim now in his § 2255 motion is conclusory.

      Although Penn rewords the justification-defense argument in his § 2255 motion, he offers no other explanation why the claim is substantively different from the one presented on direct appeal. Markedly, he challenges the same issue—the denial of his justification defense—and relies on some of the same legal analysis and case authority. *See* Doc. 5 at 11 (citing *United States v. Panter*, 688 F.2d 268, 272 (5th Cir. 1982), and *United States v. Harper*, 802 F.2d 115, 117 (5th Cir. 1986), which were also cited in his appellate brief). That Penn's § 2255 motion now focuses only on the first four elements of the justification defense and ignores the fifth element—which was the main focus of the trial court's and the appeals court's ruling—does not render his claim substantively different form the one presented and rejected on appeal. So Penn is barred from presenting his first claim anew in his § 2255 motion.

      Penn's second claim is also barred. In his reply, Penn asks the Court to "exercise its discretion to consider" his second claim despite its similarity to the issue raised and rejected on direct appeal. Doc. 11 at 5. He argues that a failure to consider his second claim would result in "a complete miscarriage of justice"—specifically his "continued imprisonment for an act [that] is NOT properly considered a federal crime, i.e., possession of a firearm without engagement in the

market for guns and where Mr. Penn's possession did not involve interstate commerce in any other way." Doc. 11 at 5-6 (emphasis in original).

But Penn's § 2255 brief repeats in substance the same commerce-clause-constitutional challenge to § 922(g) that he presented on appeal. To be sure, he transcribes word for word most of the direct-appeal argument and case authority in his § 2255 brief. *Compare* Doc. 5 at 20-23 *with* Appellant's Brief at 48-55. "A criminal defendant is not entitled to two appeals." *Rodriguez*, 821 F.3d at 633. Penn is thus barred from reasserting his second ground.

### III. CONCLUSION

For all these reasons, the Government's motion to dismiss is **GRANTED** and Penn's § 2255 motion is **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on June 1, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).