IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ALVIN CHRISTOPHER PENN**, §<br>#48435-177, §<br>　　　　Movant, §<br>§<br>v. §<br>§<br>**UNITED STATES OF AMERICA**, §<br>§<br>　　　　Respondent. § | Civil Action No. **3:22-CV-0828-L-BK**<br>(Criminal Case No. 3:17-CR-506-L-1) |

## ORDER

On June 1, 2023, United States Magistrate Judge Renée Harris Toliver entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 13), recommending that the court grant the Government's Motion to Dismiss (Doc. 10) and deny pro se Movant Alvin Christopher Penn's ("Movant") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("Motion") (Doc. 2). In his Motion, Movant asserted two grounds for relief: (1) that the court improperly denied him "a fair trial, when it precluded him from presenting and arguing a justification defense," and (2) there was insufficient evidence to show the firearm in question had an effect on interstate commerce, and "18 U.S.C. § 922(g) should be struck down as unconstitutional or reinterpreted." Doc. 13 at 2. The Report recommends granting the Government's Motion to Dismiss because Movant's grounds for relief are the same claims he brought on direct appeal to the Fifth Circuit, and, accordingly, those claims are barred from collateral attack. *Id*. at 2-3 (citations omitted). Movant did not file objections to the Report, and the time to do has passed.

Having reviewed the Motion to Dismiss, pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and

**accepts** them as those of the court. Movant is barred from asserting identical grounds for relief that were brought and denied on direct appeal. Accordingly, the court **grants** the Government's Motion to Dismiss, **denies** Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 2), and it **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Movant has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Movant files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 28th day of June, 2023.

Sam A. Lindsay
United States District Judge

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Order – Page 2